IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| EDVIN VELASQUEZ-SANCHEZ and AVIGAIL LOPEZ-MEJIA,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TONY JONES, SANTOS VELASQUEZ-GONZALEZ, FIDENCIO VELASQUEZ-GONZALEZ, and JOSÉ VELASQUEZ-GONZALEZ,<br><br>　　　　Defendants. | COMPLAINT<br><br>Civil Action No.:<br>5:09-cv-371 |

I.  PRELIMINARY STATEMENT

　　1.　This is an action by two migrant agricultural workers under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §§ 1801 et seq. against a tobacco farmer and the farm labor contractors used by that farmer in and around Wayne County, North Carolina in the spring of 2009.  The plaintiffs seek monetary and declaratory relief against the defendants under the FLSA and the AWPA.

　　2.　The claims by the plaintiffs arose as a result of the employment of the plaintiffs to plant tobacco in the spring of 2009 in and around Wayne County, North Carolina.  The monetary and declaratory relief that the plaintiffs seek is based upon the failure of the defendants to pay the plaintiffs the minimum wage required by the FLSA and numerous violations of the housing, transportation, and employment protections provided by the AWPA

1

for the plaintiffs.

II. JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. §§ 216(b) and 1854(a).

4. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

III. VENUE

5. Venue over this action lies in this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1854(a). These events giving rise to the plaintiffs' causes of action arose in and around Wayne County, North Carolina.

IV. PLAINTIFFS

6. At all times relevant to this action in 2009, plaintiffs Edvin Velasquez-Sanchez and Avigail Lopez-Mejia were migrant agricultural workers within the definition of that term found in 29 U.S.C. § 1802(8). The plaintiffs are currently residents of Wayne County, North Carolina.

V. DEFENDANTS

7. Defendant Tony Jones (hereinafter referred to as "Jones") was and is a person that owns and operates the Jones's tobacco growing business in and around Sampson County and/or Wayne County, North Carolina for the production of agricultural commodities for interstate commerce during 2008 and 2009. In both 2008 and 2009 to date, Jones has continued to own and operate that same business. Tony Jones, both personally and through the direction,

2

control, and supervision of one or more of the permanent, non-seasonal employees of Jones, had and exercised the right to direct, control and supervise the work of the plaintiffs for Jones in the spring of 2009 in North Carolina, and to determine the rate or method of pay that the plaintiffs received for their work for Jones. At all times relevant to this action, Tony Jones resided and continues to reside at 1889 Coker Store Road, Mount Olive, North Carolina 28365.

8. Defendants Santos Velasquez-Gonzalez, Fidencio Velasquez-Gonzalez, and José Velasquez-Gonzalez (hereinafter referred to as the "Velasquez defendants") were and are permanent residents of Wayne County, North Carolina at all times relevant to this action. The Velasquez defendants are North Carolina-based farm labor contractors who, for money or other valuable consideration paid or promised to be paid by Jones and other agricultural employers to the Velasquez defendants, recruited or had recruited, solicited, hired, employed, furnished, drove, transported or had transported, and housed the plaintiffs and at least ten other migrant agricultural workers for Jones and other agricultural employers during the 2009 tobacco planting and/or harvest season with those same agricultural employers. The Velasquez defendants specifically performed these farm labor contracting activities for Jones with respect to the plaintiffs and a crew of migrant agricultural workers in the spring of 2009 for money or other valuable consideration paid or promised to be paid to the

3

Velasquez defendants by Jones.  At no time relevant to this action did any of the Velasquez defendants or any farm labor contractor employee employed or used by the Velasquez defendants possess or obtain a certificate of registration from the U.S. Department of Labor which authorized any of the Velasquez defendants or any person(s) employed or used by the Velasquez defendants to transport or house any migrant agricultural worker in any vehicle or any migrant agricultural worker housing.

     9.  In March 2009, one or more of the Velasquez defendants signed a Residential Rental Contract to rent housing located at 201 Gin Road, Goldsboro, North Carolina from DWJ, LLC by its agent, Kornegay Realty, Inc. (hereinafter referred to as "DWJ" and "Kornegay").  Both as of and after the date that the Velasquez defendants entered into this same Residential Rental Contract the Velasquez defendants intended to sublet that housing to only the members of the crew of migrant agricultural workers that one or more of the Velasquez defendants furnished to one or more agricultural employers such as defendant Tony Jones during the course of the 2009 agricultural season. During the time period in 2009 that this housing was used for that purpose by the Velasquez defendants, the Velasquez defendants controlled that housing as the Velasquez defendants were in charge of and had the power and authority to oversee, manage, superintend, and administer that housing.

VI.  <u>FACTUAL ALLEGATIONS (2009 – Jones and Velasquez defendants)</u>

4

Case 5:09-cv-00371-D   Document 1   Filed 08/21/09   Page 4 of 16

10. Defendants Tony Jones and the Velasquez defendants jointly and severally employed the plaintiffs and other migrant agricultural workers in the tobacco-growing business described in ¶7 above in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce to perform migrant agricultural labor in the spring of 2009.

11. Defendants Tony Jones and the Velasquez defendants jointly and severally transported the plaintiffs in a vehicle(s) and/or caused one or more of the Velasquez defendants to transport the plaintiffs in a vehicle(s) to and from the fields owned or controlled by Tony Jones where the plaintiffs performed agricultural labor in the spring of 2009.

12. The Velasquez defendants, Jones, and any other owner or operator of the vehicle(s) that are described in ¶11 above did not have an insurance policy or liability bond in the amount and as required by 29 U.S.C. § 1841(b)(1)(C) and U.S. Department of Labor ("DOL") regulations promulgated thereunder at any time that the Velasquez defendants and Jones used or caused that vehicle(s) to be used to transport the plaintiffs to and from the fields in which the plaintiffs performed migrant agricultural labor for Jones and the Velasquez defendants.

13. Defendant Tony Jones used the Velasquez defendants to house the plaintiffs in migrant agricultural worker housing during the time period that the plaintiffs performed agricultural labor in the spring of 2009 on land that was owned or controlled by

5

defendant Jones.

14. During the entire time period that one or more of the Velasquez defendants housed the plaintiffs in the migrant agricultural worker housing located in or around Wayne or Sampson County, North Carolina as described in ¶¶9 and 13 above of this Complaint, defendant Jones and the Velasquez defendants did not post in a conspicuous place or present to the plaintiffs an accurate and complete statement of the terms and conditions, if any, of occupancy of that housing which contained all of the information described in 29 C.F.R. § 500.75(f).

15. During the time period that the housing described in ¶¶13-14 above was used to house the plaintiffs the housing did not comply with substantive federal and North Carolina safety and health standards applicable to that housing. During that same time period, among other things, that housing did not have an adequate supply of hot running water for bathing and laundry purposes and did not have any fly-tight, rodent-tight, impervious, cleanable containers for the storage of garbage.

16. No person or entity obtained any certification from any federal or North Carolina governmental agency that the housing described in ¶¶13-15 above met applicable safety and health standards before that same housing was used by one or more of the Velasquez defendants to house the plaintiffs in 2009.

17. No person or entity made any request for any inspection by any federal or North Carolina governmental agency of the

6

housing described in ¶¶13-15 above at any time before that housing was actually used by one or more of the Velasquez defendants to house the plaintiffs in 2009.

18. The plaintiffs' work for Jones and the Velasquez defendants in the planting of tobacco in the spring of 2009 occurred on property owned or controlled by Jones for the production of agricultural goods for interstate commerce.

19. In or about late March or April 2009, one or more of the Velasquez defendants recruited the plaintiffs to perform agricultural labor in the tobacco planting season in 2009 on behalf of defendant Jones. At the time of that recruitment, defendant Jones, the Velasquez defendants, or their agents did not ascertain and disclose in writing to the plaintiffs an accurate written statement of all of the information described in 29 C.F.R. § 500.75(b)(2009).

20. The wages which the plaintiffs received free and clear from Jones and the Velasquez defendants for the agricultural work that the plaintiffs performed in the spring of 2009 planting tobacco for Jones were less than those required by 29 U.S.C. § 206(a) for the work that the plaintiffs performed. This failure to pay the minimum rate required by 29 U.S.C. § 206(a) occurred as a result of certain illegal deductions and/or kickbacks in the amount of $20 per week that one or more of the Velasquez defendants made or received from the wages that were due to the plaintiffs.

7

Case 5:09-cv-00371-D   Document 1   Filed 08/21/09   Page 7 of 16

21. For each week that the plaintiffs were jointly and severally employed by Jones and the Velasquez defendants in the 2009 tobacco planting season, they were not provided with an accurate, itemized written pay statement containing all of the information described in 29 C.F.R. §§ 500.80(a) and (d)(2009). In particular, Jones and the Velasquez defendants did not provide an accurate, itemized written pay statement that disclosed all of the specific sums withheld and the purpose of each sum withheld.

22. The Velasquez defendants and Jones failed to pay all of the wages that the plaintiffs were due in their weekly wages for the work the plaintiffs performed for Jones and one or more of the Velasquez defendants in planting tobacco in the spring of 2009.

23. The Velasquez defendants and Jones violated, without justification, their working arrangement with the plaintiffs and the other migrant agricultural workers that they jointly and severally employed in the spring of 2009 to provide drinking water facilities and field sanitation toilets in the number, type, and quality required by DOL regulations.

24. At all times that the plaintiffs were jointly and severally employed by Jones and the Velasquez defendants, Jones and the Velasquez defendants failed to make, keep, and preserve accurate records for three years of the specific sums withheld from the weekly pay of the plaintiffs and the purpose of each sum withheld.

25. The defendant Tony Jones did not take reasonable steps

to determine that any of the Velasquez defendants possessed a certificate of registration issued by DOL which was valid and which authorized any of the Velasquez defendants to transport the plaintiffs and other migrant agricultural workers before Jones utilized one or more of the Velasquez defendants to transport the plaintiffs and other migrant agricultural workers to and from the fields in which the crew of migrant agricultural workers furnished by one or more of the Velasquez defendants planted tobacco for Jones in 2009.

26. The defendant Tony Jones did not take reasonable steps to determine that any of the Velasquez defendants possessed a certificate of registration issued by DOL which was valid and which authorized any of the Velasquez defendants to house the plaintiffs and other migrant agricultural workers in the housing that is described in ¶¶13-15 above before Jones utilized one or more of the Velasquez defendants to house the plaintiffs and other migrant agricultural workers in that same housing during the time that one or more of the Velasquez defendants furnished a crew of migrant agricultural workers to plant tobacco for Jones in 2009.

27. When the plaintiffs and other workers furnished by one or more of the Velasquez defendants to Jones arrived and/or departed the field(s) in which the plaintiffs and other workers performed work planting tobacco for Jones, Jones and/or a permanent year-round employee of Jones with supervisory authority was present to observe and have knowledge that one or more of the

9

Velasquez defendants was transporting the plaintiffs and those workers to and from those same fields from housing that one or more of the Velasquez defendants rented or controlled as housing for the plaintiffs and those other migrant agricultural workers.

VII. <u>FIRST CLAIM FOR RELIEF (AWPA)</u>

28. The plaintiffs adopt and reallege paragraphs one through twenty-seven above as though fully set out herein.

29. Tony Jones and the Velasquez defendants have intentionally violated the AWPA and its implementing regulations with regard to their joint and several employment of the plaintiffs in the spring of 2009 in that they:

    a. failed to comply with the requirements of 29 U.S.C. § 1821(a) regarding the recruitment of the plaintiffs;

    b. failed to comply with the requirements of 29 U.S.C. § 1821(d)(1) regarding pay records for the plaintiffs;

    c. failed to comply with the requirements of 29 U.S.C. § 1821(d)(2) and 29 C.F.R. §§ 500.80(a) and (d) regarding provision of itemized pay statements to the plaintiffs;

    d. failed to pay wages when due to the plaintiffs in violation of 29 U.S.C. § 1822(a) by failing to pay the plaintiffs wages at the minimum rate required by 29 U.S.C. § 206 for the tobacco-planting work that the plaintiffs performed;

    e. violated, without justification, the terms of their working arrangement with the plaintiffs that Jones and/or one or more of the Velasquez defendants would provide drinking water

10

facilities and field sanitation toilets in the number, type, and quality required by DOL regulations for the tobacco-planting work that the plaintiffs performed;

  f. transported or caused to be transported the plaintiffs in vehicles operated by one or more of the Velasquez defendants or their agents when those vehicles were not properly insured in violation of 29 U.S.C. § 1841(b)(1)(C) and the DOL regulations promulgated thereunder;

  g. failed to post in a conspicuous place or present to the plaintiffs an accurate and complete statement of the terms and conditions, if any, of occupancy of that housing which contained all of the information described in 29 C.F.R. § 500.75(f) in violation of 29 U.S.C. § 1821(c).

  30. The plaintiffs have attempted to resolve the issues in dispute in this action under the AWPA before they resorted to this litigation.

  31. As a result of these intentional acts and omissions by Jones and the Velasquez defendants that are set forth above, the plaintiffs have suffered damages and seek statutory damages in the full amount authorized by 29 U.S.C. § 1854(c)(1).

VIII. <u>SECOND CLAIM FOR RELIEF (FLSA claim)</u>

  32. The plaintiffs adopt and reallege paragraphs one through thirty-one above as though fully set out herein.

  33. During their period of joint employment by defendant Jones and the Velasquez defendants in the spring of 2009,

11

plaintiffs were paid wages free and clear which were less than the statutory minimum required by 29 U.S.C. § 206(a) of the FLSA.

34.   Defendant Jones and the Velasquez defendants failed to keep and maintain accurate records of wages, hours and deductions from wages required by the recordkeeping provisions of the FLSA, 29 U.S.C. § 211(c), and its implementing regulations, with respect to their employment or joint employment of the plaintiffs in the spring of 2009.

35.   As a result of these acts and omissions by Jones and the Velasquez defendants, the plaintiffs have suffered lost wages and liquidated damages.

## IX.   THIRD CLAIM FOR RELIEF (AWPA § 1823)

36.   The plaintiffs adopt and reallege paragraphs one through thirty-five as though fully set out herein.

37.   The Velasquez defendants have intentionally violated 29 U.S.C. § 1823 of the AWPA and its implementing regulations in or around April 2009 during the time period that the plaintiffs were jointly employed by defendant Jones and the Velasquez defendants in that they:

   a.   failed to comply with the requirements of 29 U.S.C. § 1823(a) regarding compliance with substantive federal and North Carolina safety and health standards applicable to that housing under 29 C.F.R. § 1910.142 and N.C. Gen. Stat. §§ 95-222 et seq. (the Migrant Housing Act of North Carolina);

   b.   failed to comply with the requirements of 29 U.S.C.

12

§ 1823(b)(1) regarding obtaining a certification from a federal or North Carolina governmental agency that the housing described in ¶¶13-15 above met applicable safety and health standards before that same housing was used by one or more of the Velasquez defendants to house the plaintiffs in 2009.

    38. The plaintiffs have attempted to resolve the issues in dispute in this action under the AWPA before they resorted to this litigation.

    39. As a result of these intentional acts and omissions by the Velasquez defendants during the spring of 2009 that are set forth above, the plaintiffs have suffered damages and seek statutory damages under 29 U.S.C. § 1854(c)(1).

X.   <u>FOURTH CLAIM FOR RELIEF (AWPA - § 1842)</u>

    40. The plaintiffs adopt and reallege paragraphs one through thirty-nine above as though fully set out herein.

    41. Defendant Tony Jones intentionally violated the AWPA and its implementing regulations in connection with the plaintiffs' agricultural labor in the 2009 tobacco-planting season in that he:

        a. used one or more of the Velasquez defendants or agents of the Velasquez defendants to house the plaintiffs in the spring 2009 tobacco-planting season when none of the Velasquez defendants or their agents possessed a certificate of registration as a farm labor contractor or farm labor contractor employee issued by DOL that was valid and which authorized any of the Velasquez defendants or their agents to house any migrant

13

agricultural worker at any time in the spring of 2009 in violation of 29 U.S.C. § 1842;

      b.  used one or more of the Velasquez defendants or agents of the Velasquez defendants to transport the plaintiffs in the spring 2009 tobacco-planting season when none of the Velasquez defendants or their agents possessed a certificate of registration as a farm labor contractor or farm labor contractor employee issued by DOL that was valid and which authorized any of the Velasquez defendants or their agents to transport any migrant agricultural worker at any time in the spring of 2009 in violation of 29 U.S.C. § 1842.

42.  The plaintiffs have attempted to resolve the issues in dispute in this action under the AWPA before they resorted to this litigation.

43.  As a result of these intentional acts and omissions by defendant Tony Jones, the plaintiffs have suffered damages and seek statutory damages in the full amount authorized by 29 U.S.C. § 1854(c)(1).

## XI. <u>DECLARATORY RELIEF</u>

44.  Paragraphs one through forty-three above are hereby incorporated by reference.

45.  There is a substantial and continuing dispute between the parties to this action as to their rights, privileges and immunities under the AWPA which can only be resolved and fully remedied by declaratory, injunctive, and/or equitable relief from

14

this Court as to what those rights, privileges, and immunities are, and the equitable relief in the form of the statutory damages authorized under 29 U.S.C. §§ 1854(c)(1)-(2).

WHEREFORE, the plaintiffs pray that this Court:

(a)  Assume jurisdiction over this cause;

(b)  Declare illegal the defendants' intentional failure to comply, as pled above, with 29 U.S.C. §§ 1821(a), 1821(d)(1), 1821(d)(2), 1822(a), 1822(c), 1841(b)(1), and/or 1842, as alleged in this complaint;

(c)  Award each of the plaintiffs $500.00 in statutory damages as authorized equitable relief under 29 U.S.C. §§ 1854(c)(1)-(2) against each of the defendants Tony Jones, Santos Velasquez-Gonzalez, Fidencio Velasquez-Gonzalez, and José Velasquez-Gonzalez, jointly and severally, for each violation by those same defendants of the AWPA as those violations are alleged in the First and Third Claims for Relief pursuant to 29 U.S.C. § 1854(c)(1);

(d)  Award each of the plaintiffs damages against defendants Tony Jones, Santos Velasquez-Gonzalez, Fidencio Velasquez-Gonzalez, and José Velasquez-Gonzalez, jointly and severally, in the amount of unpaid back wages, and an equal amount in liquidated damages under 29 U.S.C. § 216(b) pursuant to the Second Claim for Relief under the FLSA;

(e)  Award for the plaintiffs $500.00 in statutory damages authorized as equitable relief under 29 U.S.C. §§ 1854(c)(1)-(2)

15

against the defendants Santos Velasquez-Gonzalez, Fidencio Velasquez-Gonzalez, and José Velasquez-Gonzalez, jointly and severally, for each violation by those same defendants of the AWPA as those violations are alleged in the Third Claim for Relief pursuant to 29 U.S.C. § 1854(c)(1);

(f) Award for the plaintiffs $500.00 in statutory damages authorized as equitable relief under 29 U.S.C. §§ 1854(c)(1)-(2) against defendant Tony Jones for each violation by that same defendant of the AWPA as those violations are alleged in the Fourth Claim for Relief pursuant to 29 U.S.C. § 1854(c)(1);

(g) Grant the plaintiffs a jury trial on all issues related to the named plaintiffs' claims under the FLSA;

(h) Grant such other relief as is just and proper.

Respectfully submitted this 21st day of August, 2009.

          BY: /s/ Robert J. Willis
          N.C. State Bar No. 10730
          P.O. Box 1269
          Raleigh, NC  27602
          Tel: (919) 821-9031
          Fax: (919) 821-1763
          rwillis@rjwillis-law.com

          Attorney for Plaintiff